United States Court of Appeals

Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-20558

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR EDUARDO TOXQUI-RAMOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. 4:04-CR-500

Before DAVIS and STEWART, Circuit Judges, and CRONE, District Judge[*]

MARCIA A. CRONE, District Judge:[**]

Salvador Eduardo Toxqui-Ramos appeals his sentence following his conviction for being

illegally present in the United States subsequent to deportation, in violation of 8 U.S.C. § 1326.

Specifically, Toxqui-Ramos claims that the district court used an improper methodology in arriving

at his sentence. Finding no error, we affirm.

I.

On March 17, 2005, Toxqui-Ramos pleaded guilty without a plea agreement to being illegally

present in the United States after a prior deportation, in violation of 8 U.S.C. § 1326. At Toxqui-

[*] District Judge for the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Ramos's sentencing hearing, the district court adopted the sentencing calculations in the presentence investigation report. With a total offense level of 21 and a criminal history category of III, the applicable advisory guideline range was 46 to 57 months of imprisonment. In mitigation, defense counsel directed the district court to the defendant's Memorandum in Aid of Sentencing ("Memorandum"), filed prior to the hearing, which described Toxqui-Ramos's characteristics and personal history and included letters from his family, friends, and co-workers. Defense counsel asserted at the hearing that the Memorandum was a request for a downward departure from the advisory guideline range and requested a sentence of 24 months. The Government stated that it did not oppose a sentence at the lower end of the guideline range.

Although the court rejected the defendant's request for a downward departure or non-guideline sentence, the district judge sentenced Toxqui-Ramos to 46 months in prison, the lowest end of the applicable guideline range. The district judge noted that he initially intended to impose a sentence that was closer to the top of the guideline range, but after considering the Memorandum and the statements of the defendant and counsel, he determined that a lower sentence was more appropriate. Declining to address on the record the individual factors set forth in § 3553(a), the district judge stated that "the guidelines, all be they advisory, nevertheless take into consideration all the relevant factors in Section 3553(a)."

II.

On appeal, Toxqui-Ramos argues that the district court erred by stating that the guidelines take into account the § 3553(a) factors rather than separately evaluating these factors, which must be considered pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Toxqui-Ramos does not, however, challenge the calculation of the applicable guideline range, the district court's decision not

to depart downwardly, or the reasonableness of the sentence imposed, which falls within the advisory guideline range.  Indeed, this court has held that a sentence within the properly calculated guideline range is presumptively reasonable.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Because Toxqui-Ramos raises this issue for the first time on appeal, we review his sentence for plain error.  *See United States v. Akpan*, 407 F.3d 360, 377 (5th Cir. 2005).  Under the plain-error standard, an appellate court may not correct an error that the defendant failed to raise in the district court unless there is "'(1) error, (2) that is plain, and (3) that affects substantial rights.'"  *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)), *cert. denied*, 126 S. Ct. 43 (2005).  If all three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but "'only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  *Id*. (quoting *Cotton*, 535 U.S. at 631).

In exercising its sentencing discretion, a district court need not "engage in 'robotic incantations that each statutory factor has been considered.'"  *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (quoting *United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005)).  Accordingly, "a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable."  *Id.*  Even so, the district court's sentencing discretion "must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a)."  *Id.* at 706.  Unlike the guidelines themselves, § 3553(a) is mandatory pursuant to *Booker*.  *See Mares*, 402 F.3d at 519 (noting the sentencing court's duty to consider the § 3553(a) factors).

In the case at bar, the record reveals no plain error by the district court.  Although the district judge could have elaborated further as to his analysis, an explicit reference to the evaluation of each

sentencing factor is not required, and the record shows that the court did, in fact, give due consideration to the factors set forth in § 3553(a). For example, the district judge explained that his initial intention to sentence Toxqui-Ramos to a term near the top of the guideline range was altered by his consideration of the evidence presented in mitigation. Such evidence related to the defendant's history and characteristics as well as pertinent policy statements contained in the guidelines, which are factors listed in § 3553(a)(1) and (5). Additionally, contrary to Toxqui-Ramos's assertion, the district court did not indicate that the guidelines take into account all of the factors listed in § 3553(a). Rather, he stated only that, in Toxqui-Ramos's case, the sentencing guidelines took into account the *relevant* § 3553(a) factors. This statement suggests that the district judge considered each of the factors in § 3553(a) and found that those relevant to the determination in Toxqui-Ramos's case were also accounted for by the guidelines. Accordingly, we find no error in the methodology employed by the district court.

In any event, Toxqui-Ramos has not shown that his substantial rights were affected by the district court's actions. There is nothing in the record suggesting that the district court's decision to impose a sentence at the low end of the applicable guideline range was unreasonable. To the contrary, the sentencing judge fashioned a sentence that carefully balanced those factors demanding stringency against those factors warranting leniency. Specifically, a 46-month term of imprisonment reflects an appropriate weighing of Toxqui-Ramos's criminal history, which includes convictions for illegally transporting undocumented aliens and assault involving a firearm, against the letters from family, friends, and co-workers expounding upon his good character. Thus, the sentence imposed by the district court is supported by the record and is not contrary to law. Absent a demonstration that the ultimate sentence is unreasonable when viewed against the totality of the § 3553(a) factors,

4

"[f]ormalism does not require us to vacate [Toxqui-Ramos's] sentence so that the district court, on remand, will simply impose the exact same sentence, which on subsequent appeal we would be required to presume reasonable under *Alonzo*." *United States v. Medina-Argueta*, 454 F.3d 479, 484 n.2 (5th Cir. 2006).

## III.

Finally, Toxqui-Ramos asserts that the enhancement provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. We reject this contention. Toxqui-Ramos acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and case law from this circuit. He raises the issue solely for the purpose of preserving this matter for further review.

## IV.

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.